UNION MERCANTILE CO., APPELLANT, *v.* JACOBS, SULTAN & CO. ET AL., RESPONDENTS.

[Submitted October 18, 1897.   Decided November 1, 1897.]

*Set-off—Evidence—Pleading.*

In an equitable action to set off one judgment against another, evidence that plaintiff had in his hands book accounts of the defendant of sufficient value to pay off plaintiff's judgment is admissible, although the defendant has not pleaded payment or counterclaim.

*Appeal from District Court, Lewis and Clarke County. Henry N. Blake, Judge.*

ACTION by the Union Mercantile Company against Jacobs,

Sultan & Co. and Hyman Jacobs.   Defendants obtained judgment.   Plaintiff appeals.   Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff is a corporation.   It is alleged in the complaint that the plaintiff recovered judgment against the defendants Jacobs, Sultan & Co. in the District Court in and for the County of Lewis and Clarke on the 27th day of January, 1891, for the sum of $6,668.53, and that at the time of the commencement of the suit there remained unpaid on said judgment the sum of $1,421.89, with legal interest.   The complaint also alleges that the defendants Jacobs, Sultan & Co. recovered judgment against this plaintiff in the same court on the 23rd day of December, 1893, for the sum of $1,595.32, and that, after Jacobs, Sultan & Co. recovered the judgment aforesaid against this plaintiff, they pretended to assign it to the defendant Hyman Jacobs, which assignment, it is alleged, was without consideration, and was made ' for the purpose of defrauding the plaintiff and other creditors of the defendants Jacobs, Sultan & Co., of which facts, it is alleged, Hyman Jacobs had full knowledge, and that defendant Hyman Jacobs knew of the judgment of this plaintiff having been rendered against Jacobs, Sultan & Co. as aforesaid, and knew that the plaintiff herein had a right to offset its judgment against the judgment of Jacobs, Sultan & Co.; and it is further alleged that Jacobs, Sultan & Co. are insolvent.   The plaintiff's judgment being larger in amount than that recovered against it by the defendants Jacobs, Sultan & Co., the plaintiff herein seeks by this action to offset its judgment against that rendered in favor of Jacobs, Sultan & Co.

The answer of the defendants admitted the recovery of the two judgments as alleged in the complaint, and the assignment of the Jacobs, Sultan & Co. judgment to Hyman Jacobs, but denied that such assignment was executed for the purpose of defrauding the plaintiff, or any creditor or creditors of the defendants Jacobs, Sultan & Co.   The answer also denied, on

information and belief, each and every allegation in the said complaint contained, not specifically admitted.

The case was tried to the court without a jury, who found for the defendants, and rendered judgment for costs, in their behalf. Plaintiff appeals from the judgment and the order overruling its motion for a new trial.

*Walsh & Newman,* for Appellant.

*F. M. McIntire,* for Respondents.

PEMBERTON, C. J.—The principal assignment of error by appellant is the action of the trial court in permitting the defendants to prove that the plaintiff had in its possession, when it commenced this suit, certain book accounts belonging to the defendants Jacobs, Sultan & Co., which it is claimed were of sufficient value to pay off and satisfy plaintiff's judgment, and which plaintiff had not accounted for or given credit to Jacobs, Sultan & Co. The appellant contends that it was error to admit this evidence, because neither payment nor a counterclaim was pleaded by the defendants. The evidence did not tend to prove a payment. It tended to show facts that might constitute a counterclaim. Was the action of the lower court, considering the character of this action, erroneous?

The suit is an equitable one, seeking an equitable setoff of plaintiff's judgment against the judgment recovered by Jacobs, Sultan & Co. against it, and assigned to Hyman Jacobs. The plaintiff alleges that there is a balance due on its judgment. It became necessary for it to prove that a balance was due before it could ask for the relief prayed for in its complaint. It devolved upon the plaintiff to show that it was entitled to the equitable relief demanded. The defendants did not plead a counterclaim, nor did they ask for any affirmative relief against the plaintiff. The evidence was offered to show that upon a proper settlement of accounts the plaintiff was not entitled, in equity, to the relief sought by this action against Jacobs, Sultan & Co. The court did not adjudicate that Jacobs, Sultan & Co. had paid the plaintiff's

judgment, or that they were entitled to have judgment for the counterclaim which the evidence tended to establish. The court merely held that under the facts and circumstances of the case the plaintiff was not entitled to the equitable setoff prayed for in this action, leaving the parties to enforce their respective judgments and rights in proper actions for that purpose. We see no error in the action of the court in this respect.

The determination of this assignment, which we consider decisive of the case, renders it unnecessary to discuss other questions presented by the record. The judgment and order appealed from are affirmed.

<em>Affirmed.</em>

HUNT and BUCK, JJ., concur.